OCEAN CITY ASSOCIATION et al., appellants,

*v.*

DAVID P. CRESSWELL et al., respondents.

[Submitted March 27th, 1906. Decided November 27th, 1906.]

Twenty years' possession of real estate, held by a mortgagee under his mortgage, without payment or a tender thereof by the mortgagor, vests a title in the mortgagee, which he can be decreed to convey in a suit for the specific performance of his contract for sale thereof.

On appeals of Ocean City Association and Martha Ann Gandy from a decree in chancery advised by Vice-Chancellor Bergen, who filed the following conclusions:

I think I can determine this question now as well as any other time. It has been fully argued and the facts pretty well threshed out by counsel. As I understand this case, Martha A. Gandy, sometimes called Blakeman, claimed to own a tract of land in Cape May county, claiming to have a sufficient title to it to make a conveyance, and in 1897, on the 18th day of May, she entered into a contract, by the terms of which she agreed to convey to John Gandy, David Cresswell and Charles Miller the real estate, in that contract fairly well described. By the terms of the contract the deed was to be delivered and the money paid on the 1st of July, 1897. That element of the contract appears to have been waived by both parties. So far as this case shows, there was no tender made according to the strict terms of the contract, nor was any payment made. Shortly after that and in the month of September, Mrs. Gandy, having had a deed prepared, described here as a quit-claim deed, claims to have tendered it to Mr. Cresswell, one of the parties named in the agreement.

The occurrences subsequent to that seem to be in doubt, but I think that the weight of the testimony shows that she took

the deed there to tender it, and that Mr. Cresswell complained that the deed was not what it ought to be in all particulars, and that there was some question about the title. That the deed was then carried to Mr. Snyder, a lawyer, as I understood from the evidence, in Camden, but referred to by counsel as being from Philadelphia, and that she left the deed there, and said: "Now, I want this deed to be recorded when this law suit is settled."

The record of that law suit has been offered in evidence, and from it it appears that there was a dispute as to her title, made by some persons against whom Mrs. Gandy in that year (1897) filed a bill for the purpose of quieting title. That case was not disposed of until the year 1900.

In the meantime, John Gandy, on the 29th day of May, 1899, sold his interest to a man named Harvey Lake, who, it is admitted, was not acting for himself, but as agent for the complainant, the Ocean City Association. Two days after that, from a paper produced here, it appears that Martha A. Blakeman, in writing, admitted that she had received from Harvey Lake $475, full payment of all her right, title and interest in and to a certain mortgage assigned by Robert Matlack, on a certain tract of marsh land situate in Ocean City, N. J., bounded by the beach thoroughfare, the middle thoroughfare, and all her right, title and interest in and to said land. The description in that receipt is the property in controversy. It is the property which she had agreed to convey.

So we find that within two days after the Ocean City Association became a part owner of this contract—became one of the persons in equity entitled to have it enforced—they made the payment. They paid substantially the sum of money that the contract required to be paid, and I think there can be no doubt that the payment was made by the Ocean City Association for the benefit, not only of themselves, but of the other two persons interested in this contract, and that they had a right to call upon these two persons at any time to contribute their proportionate share of the amount paid.

I do not attach any importance at all to the notion that this was a separate, independent agreement. If that was so, the Ocean City Association never would have had Mr. Lake, on the

29th day of May, buy into this contract, if they expected two days afterward to get an independent contract of their own. If they had on that day believed that this contract had fallen, as counsel stated, by the wayside—had no life or existence—they would not have bought into it. They would not have undertaken to buy out the interest of John Gandy. To my mind this is the interpretation: They bought into that contract, and they expected, when the law suit was settled, to have that contract performed, and to avoid any question about the legality of it they advanced the money and paid it, and, as I have said, in equity, the other parties to the contract can be made to contribute.

The next step in the proceedings was the sale by Mr. Charles D. Miller to John A. Higgons. That happened on the 3d of March, 1902. Mr. Miller was another of the three parties who had become bound by this contract to purchase this property and pay for it. Mr. Miller sold out his interest to Mr. Higgons, and manifested that by a deed conveying to him one-third interest in all of this property. The conclusion which I have reached is that Martha Gandy, or Blakeman, is bound to make a deed—a proper deed—for this property. My notion about it was that perhaps this quit-claim deed would answer the purpose, but upon examination I find that it releases and quit-claims her right as assignee of Charles F. Campbell, and Cooper, Hendrickson & Company, by their attorney, R. C. Matlack, in and to that certain tract of land, &c., described in a certain mortgage. Her right does not depend upon any interest acquired as assignee of Charles F. Campbell. Her right to convey, as developed here, depends upon her possession of more than twenty years under the mortgage. It is perfectly well-settled, in this state, unless rebutted in some way, that that conveys a title which would be good in law.

Now, while this agreement, and perhaps the pleadings, in this case do not contemplate a conveyance to persons not a party to the original contract, I think that as the defendant Martha Gandy has been paid the consideration price—paid by one of the persons who comes into this contract by way of assignment—that in equity that person, having made a payment, ought to

be incorporated into this contract, and the deed ought to be made directly to the Ocean City Association and to Mr. Higgons and Mr. Cresswell, each for an equal undivided one-third part of the property, and if you will prepare a decree to that effect I will advise it. The decree should also direct that Mr. Higgons and Mr. Cresswell shall pay to the association whatever is their proportionate share. The association is entitled to interest from the time they paid their money.

*Mr. Henry F. Stockwell* and *Mr. S. Stanger Iszard,* for the appellants.

*Mr. Thomas L. Raymond* and *Mr. Andrew Van Blarcom,* for the respondents.

PER CURIAM.

We concur in the views of the vice-chancellor, expressed in the opinion delivered by him in the cause. The decree advised by him, however, needs modification. Its mandate is that the defendant Martha Ann Gandy execute and deliver to the defendants Cresswell and Higgons, and the complainant, the Ocean City Association, a good and sufficient conveyance of the property in dispute, conveying to each of them an equal undivided one-third part thereof, with the usual covenants against encumbrances, and that she also deliver to them, at the same time, the possession of the said premises; and that, thereupon, Cresswell and Higgons each pay to the complainant their contributive share of the purchase-money advanced by it to Mrs. Gandy, with interest. The decree fails to take into account the fact, disclosed by the admission of counsel for the complainant, made to the vice-chancellor during the trial of the cause, that a conveyance of the property was made to the complainant by Mrs. Gandy *pendente lite.* The effect of this conveyance was to pass the title out of Mrs. Gandy and vest it in the complainant— one-third for its own benefit and two-thirds in trust for the defendants Cresswell and Higgons. The decree, therefore, should have adjudged that the complainant held an undivided one-third of the premises in trust for Cresswell and an un-

Ocean City Assn. *v.* Cresswell.          *71 Eq.*

divided one-third in trust for the defendant Higgons, and directed the complainant to execute its trust by making a proper conveyance of an undivided third part of the premises to each of them upon tender by them to it of the moneys the payment of which they are required to make by the decree. The time within which the tender should be made should also be fixed by the decree.

It does not appear, from the admission of counsel above referred to, whether or not the deed made by Mrs. Gandy to the complainant was, in its form, such a conveyance as the parties to the original agreement were entitled to receive from her. If it is less comprehensive in its grant and in its covenants than they had a right to require from her, then the decree should also adjudge that Mrs. Gandy execute a further conveyance to the Ocean City Association, Cresswell and Higgons, in such form as to completely execute her original agreement.

There must be a formal reversal of the decree in order that it may be corrected by the court of chancery in the respect indicated. But as the error has crept in through the failure of counsel to remind the vice-chancellor of the fact of the conveyance *pendente lite,* which had evidently escaped his memory, and as the respondents have succeeded in this court upon the merits of its controversy, they are entitled to costs, notwithstanding the formal reversal for correction.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.